SMITH v. SMYTHE, Street Com'r.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. MUNICIPAL CORPORATIONS (§ 859*)—CARE OF STREETS—EXPENDING MONEY FOR PRIVATE PURPOSES.

Village Law, § 170, added by Laws 1907, p. 126, c. 93, § 1, providing that where, in a platted portion of a village designated as a park, the streets are 14 feet wide or less, in which case the village has no power to accept dedication thereof, the board of trustees of the village may care for and light such streets without the same being dedicated, is not in violation of Const. art. 8, § 10, providing that no village shall lend its aid to any individual or incur indebtedness except for village purposes.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1814; Dec. Dig. § 859.*]

2. STATUTES (§ 97*)—PRIVATE LAWS—LIGHTING STREETS.

Nor is such law in contravention of Const. art. 3, § 18, providing that the Legislature shall pass no private or local law relating to working streets, etc.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 109; Dec. Dig. § 97.*]

Hirschberg, P. J., dissenting in part.

Appeal from Special Term, Westchester County.

Action by Alfred E. Smith against Benjamin E. Smythe, as Street Commissioner. From an order of the Special Term granting a temporary injunction, defendant appeals. Reversed.

The following is the opinion of Tompkins, J., at Special Term.

The questions raised by the plaintiff are of sufficient importance to require the court to preserve the present status of the parties until the constitutional and other questions can be determined after a trial of the issues, and I think that the village should spend no money on the streets in question until those questions can be decided after a trial. The case can be tried in March and no harm can come to any one by that delay. In the meantime, the so-called streets can be cared for as they have been heretofore, or the owners of the houses in the park can arrange for their care.

Motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

Wm. Lloyd Kitchel, for appellant.

Alfred E. Smith, pro se.

WOODWARD, J. This is a taxpayer's action, brought to restrain the defendant, as street commissioner of the village of Bronxville, from expending the money of the village in caring for the streets of Lawrence Park, a residential subdivision of the village. The ground of complaint is that the streets of this park place, which are proposed to be cared for, are only 14 feet wide, and cannot, therefore, be accepted by dedication (section 1, c. 204, p. 85, Laws 1897, amending Laws 1890, p. 1192, c. 568, § 80), and that it is a legal waste of the money of the municipality to employ it for lighting and caring for these ways.

The main question here depends upon the constitutionality of chapter 93, p. 126, of the Laws of 1907, amending the village law (Laws

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1897, p. 366, c. 414); it being conceded, in effect, if this act is valid, there is no ground for the order of injunction, either pending the trial or at any time. This being true, there would seem to be no good reason for postponing the consideration of the question and forcing the parties to the expense of a trial, unless the act is in fact void. Section 170 of the village law, as amended, provides that:

"Whenever prior to the incorporation of any village now or hereafter incorporated, any portion of the territory subsequently included within the limits of such village has been subdivided on a map or plan thereof into building lots and designated as a park or by any other name, such portion of said territory being hereinafter designated as a 'subdivision,' and in such subdivision streets or roads are laid out not less than fourteen feet in width, which the board of trustees of said village is unable to accept by dedication because such streets are too narrow, or for any other reason, or where in any such case said board of trustees is willing to light and care for such streets and roads without the same being dedicated, and more than fifty dwelling houses shall have been constructed in said subdivision, the board of trustees of said village may provide for the lighting and care of such streets and roads, or any part thereof, in like manner as the other streets and roads of said village, provided that the amount expended annually for such purposes shall not exceed one-fourth of one per centum of the assessed value of the real property in said subdivision."

The constitutional objections suggested are that this act violates section 10 of article 8 and section 18 of article 3 of the state Constitution. Section 10 of article 8 provides that:

No "county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation, * * * nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

We apprehend that if the Legislature had, by an amendment to the village law, provided that the board of trustees of any village containing a park place might accept by dedication all streets, roads, or ways in such park place, no one would be found to suggest that this was giving the money or property, or loaning the money or credit of the village to any individual, association, or corporation, or that it was not a "county, city, town or village" purpose. Such a park place, used for residential purposes by those making up the municipal corporation, is property subject to taxation for village purposes. It is within the police power of the village; and, the streets and roads being open to public use, the mere fact that they may be in law private roads does not make their care and maintenance a private gratuity. These roadways, for all practical purposes, serve the uses of the village in the same sense that the general highways serve them, and the people situated along these private roadways, open to the general uses of the community, and who contribute their ratable share of taxes, have a natural right to have these ways lighted and cared for; and the mere fact that they are not received by the community under a dedication does not deprive the Legislature of the power to recognize this right. It does not seem necessary to cite authorities on a proposition so obvious, though the books are full of cases which might be brought to the support of this conclusion. The act does not, in letter or in spirit, violate any of the provisions of the section now under consideration.

We are equally clear that it does not controvert the provision of section 18 of article 3 of the Constitution, which provides that the Legislature shall not pass a private or local bill in any of the following cases:

" * * * Laying out, opening, altering, working or discontinuing roads, highways or alleys."

The same section inhibits private or local bills "incorporating villages," and this would unquestionably go to the amendments, so that we start with the presumption, which is not questioned, that this was not a private or local bill. The act is entitled "An act to amend the village law, relative to lighting certain streets and roads in subdivisions of villages," and the subject-matter of the act is in harmony with the general title. The act itself does not pretend to deal with the lighting and care of the streets. It merely gives power to the board of trustees, under certain conditions, to assume the duty of lighting and caring for streets and roads within the limits of villages, in the same manner that other streets were dealt with, and this is an entirely proper power to be vested in such trustees.

The vice in the statute in Matter of Henneberger, 25 App. Div. 164, 49 N. Y. Supp. 230, Id., 155 N. Y. 420, 50 N. E. 61, 42 L. R. A. 132, was that it confined its operations to a particular highway in a particular community. It was, in effect, a bill, not to give powers to local officers to deal with highways under general rules, however restricted, but a special act, under the guise of a general law, to provide for the appointment by the Supreme Court of three commissioners to widen and improve a particular highway pointed out by the statute, and so hedged about that it could not have been made to operate in any other place in the state. That was an act to alter a particular highway in the village of New Rochelle. It did not seek to amend the village law, giving power to villages of the class and conditions of the village of New Rochelle to widen highways; but it sought to place it in the power of abutting owners upon a particular highway to make improvements through commissioners appointed by the Supreme Court which the village authorities were not willing to make. The case affords no authority for the contention of the respondent here, and we are clearly of the opinion that the presumption of constitutionality which inheres in all acts of the Legislature has not been overcome by anything which has been suggested by the plaintiff in this action; and it is only in a clear case that the courts are justified in interposing. No considerations of justice or of public policy appear to warrant this injunction. The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements.

JENKS, RICH, and MILLER, JJ., concur. HIRSCHBERG, P. J., votes for affirmance, for the reasons stated in the opinion of Mr. Justice Tompkins at Special Term, reserving judgment on the question discussed in the opinion here until it can be determined in review, instead of in the first instance on appeal.