(76 Misc. Rep. 40.)

ALLEN v. KEBLER et al.

(Supreme Court, Special Term, Westchester County. March 25, 1912.)

MUNICIPAL CORPORATIONS (§ 646*)—VILLAGES—WIDTH OF STREETS.

　　It was not unlawful for the board of trustees of a village by proper procedure to lay out streets only 14 feet in width over land to be acquired by purchase or condemnation; the right to do so not being restricted by Village Law (Consol. Laws 1909, c. 64) § 144, providing that no street less than 2 rods in width shall be accepted by dedication, or by other village law, or by Highway Law (Consol. Laws 1909, c. 25) § 200, requiring highways to be not less than 3 rods in width

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1419; Dec. Dig. § 646.*]

Action by Timothy F. Allen against Leonard Kebler and others. Plaintiff's motion for injunction pendente lite denied.

Alfred E. Smith, for plaintiff.

Allan R. Campbell, for defendants.

TOMPKINS, J. The plaintiff is a taxpayer of the village of Bronxville, Westchester county, and brings this action against the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendants, composing the board of trustees of said village, to restrain them from laying out certain streets in Lawrence Park, which is in a part of the said village of Bronxville. The proposed streets will be 14 feet wide, and the proceedings before said village trustees have progressed to the point of an order made by the said board, under section 147 of the Village Law (Consol. Laws 1909, c. 64), after a hearing regularly had upon a petition duly presented to the said village board for the laying out of the said proposed streets, and the said board of trustees now proposes to acquire the land necessary for the laying out of said streets from the owners thereof, either by purchase or condemnation.

About 20 years ago the Lawrence Park Association laid out and mapped said park, and opened and worked streets through it of a width of 14 feet, and thereafter sold lots therein by deeds which contained the following provision:

"But the fee simple in any street or avenue as hereby conveyed shall be perpetually subject to the unrestricted rights of the public as a highway."

And ever since these 14-foot streets have been used by the inhabitants of said park, and by the residents of the village of Bronxville, for general highway purposes. Lawrence Park is a large part of the village of Bronxville, which village maintains within said park, and on the said 14-foot streets, fire hydrants, and said streets are policed by village police officers.

By chapter 93 of the Laws of 1907, a section was added to the general village law reading as follows:

"Whenever prior to the incorporation of any village now or hereafter incorporated, any portion of the territory subsequently included within the limits of such village has been subdivided on a map or plan thereof into building lots and designated as a park or by any other name, such portion of said territory being hereinafter designated as a 'subdivision,' and in such subdivision streets or roads are laid out, not less than fourteen feet in width, which the board of trustees of said village is unable to accept by dedication because such streets are too narrow, or for any other reason, or where in any such case said board of trustees is willing to light and care for such streets and roads without the same being dedicated, and more than fifty dwelling houses shall have been constructed in said subdivision, the board of trustees of said village may provide for the lighting and care of such streets and roads, or any part thereof, in like manner as the other streets and roads of said village, provided that the amount expended annually for such purposes shall not exceed one-fourth of one per centum of the assessed value of the real property in said subdivision."

Under this section the board of trustees of the village of Bronxville undertook to maintain and care for said 14-foot streets, but were enjoined from so doing in the action of Smith v. Smythe, 132 App. Div. 71, 116 N. Y. Supp. 1071, in which it was decided that the section added to the general village law and above quoted was unconstitutional, for the reason that it was manifestly special legislation, and intended to apply only to the village of Bronxville, and, further, that it authorized the expenditure of village moneys upon streets which were not public highways, and which were not to become such, but to remain private property, in violation of section 10 of article 8 of the state Constitution. Smith v. Smythe, 132 App. Div. 71, 116

N. Y. Supp. 1071; 197 N. Y. 457, 90 N. E. 1121, 35 L. R. A. (N. S.) 524.

Now resident freeholders of said village have petitioned the board of trustees to lay out certain of said .14-foot streets, and, acting upon such petition, the board of trustees have made an order under section 147 of the Village Law, and the plaintiff in this action seeks to restrain said board of trustees from acquiring the lands by purchase or condemnation and laying out the said 14-foot streets as public village highways, and this motion is for an injunction pendente lite.

The ground of the plaintiff's action is that the board of trustees has not power to lay out or condemn lands for a public street less than 2 rods in width. The only provision of the village law respecting the width of village streets is found in section 144 of theVillage Law, and reads:

"No street less than two rods in width shall be accepted by dedication."

That provision clearly refers only to the creation of a public highway by dedication and acceptance, and not by laying out over land acquired by purchase or condemnation.

Besides this provision of the Village Law just quoted, the plaintiff claims that the provision of the General Highway Law (Consol. Laws 1909, c. 25) which provides that no highway shall be laid out less than 3 rods in width applies. The plaintiff says that, inasmuch as the Village Law contains no provision as to the width of a village highway that is laid out by the municipal authorities, the highway law of the state applies. I think not. In the first place, the Village Law provides that all streets, including lanes· and alleys, shall be "under the exclusive control and supervision of the board of trustees." Sections 140 and 141, Village Law. Thereafter follows a complete and comprehensive method and procedure for the laying out of a street or the making of a street improvement, including the altering, widening, or narrowing of a street. Sections 145, 146, and 147. Nowhere do we find any limitation upon the width of a street, so laid out, widened, ·or narrowed. The only restrictions on the "laying out, altering, or widening of a street" are found in section 148 of the Village Law, which prohibits the laying out of a street "through a building or any fixtures or erections for the purpose of trade or manufacture, or in a yard or inclosure necessary to be used in the enjoyment thereof, without the consent of the owner, except upon an order of a Justice of the Supreme Court residing in the judicial district in which the village or a part thereof is situated.

It will be observed that these restrictions and limitations are almost identical with those contained in section 200 of the Highway Law, which also provides that no highway shall be laid out less than 3 rods in width, and it seems to me that, if the legislative intent had been to require the village highways to be at least 3 rods wide, such an express provision would have been put into section 148, from which ·the foregoing quotation is taken. The fact that the Village Law expressly provides that no street less than 2 rods in width shall be "accepted by dedication," and is altogether silent as to the width of streets

that may be laid out, altered, narrowed, or widened, clearly evinces an intention on the part of the Legislature not to fix or limit the width of such streets. The power is left to the board of trustees to determine, after notice and a public hearing, the character, location, and width of the streets that are laid out according to the provisions of the Village Law. The only limitation is that the street may not be laid out through certain business property without the consent of the owner, except upon an order of a Justice of the Supreme Court.

Unless section 200 of the General Highway Law applies, there is no statute fixing the width of a street that is laid out or altered by a board of trustees; and if section 200 of the Highway Law does apply, as claimed by counsel, then every village street that is laid out by a board of trustees must be not less than 3 rods wide. Such a provision relating to village streets would be unreasonable and impracticable, for it is well known that many village streets are less than 3 rods wide, and because of the value oftentimes of village property, and the compactness of village blocks and buildings, and the cost of cutting through and laying out streets, it would not be feasible to require all village streets to be 3 rods wide; and it is perfectly plain to me that this provision of the General Highway Law does not apply to village streets.

Lanes and alleys are recognized by the Village Law as "streets." See section 140 of the Village Law. Such thoroughfares, by their very names, indicate narrow ways or passages. There may be a reason for requiring dedicated streets to be 2 rods wide. I assume it is to prevent land speculators and private estates turning over to the public their private roads, and thereby putting upon the municipality the burden of maintaining them, and which might be accomplished by dedication and acceptance without public notice or hearing; but in the laying out, altering, narrowing, or widening of a street public notice is given and a public hearing is had, and a judicial or quasi judicial determination is made by the board of trustees, and thereby the public rights and interests are protected, as well as the public necessity and convenience served, by the laying out of a street of a width that is suitable and appropriate under the circumstances.

My conclusions are that the provision of section 200 of the Highway Law requiring highways to be not less than 3 rods in width does not apply to village highways that are laid out by the board of trustees over land that is acquired by purchase or condemnation, and that there is no village law that limits or restricts the width of a street that the board of trustees may, upon proper petition and after suitable notice and a public hearing, determine to lay out, alter, or widen.

The plaintiff's motion for an injunction pendente lite must therefore be denied, with costs.